WILLIE R. SMITH v. WILLIAM DUNHAM ET AL.

*Master and servant—Negligence—Submission to jury.*

The error complained of in this case is the refusal of the trial
court to direct a verdict for the defendants on the ground of
plaintiff's negligence, and it is held that the case was a proper
one for the jury to pass upon, they having contradictions to
consider, and witnesses to scrutinize for themselves.

Error to Lake. (Judkins, J.)  Argued February 13 and
14, 1889.  Decided February 20, 1889.

Negligence case. Defendants bring error. Affirmed.
The facts are stated in the opinion.

*Godwin, Adsit & Dunham,* for appellants.

*Charles A. Withey* and *F. E. Withey,* for plaintiff.

[The briefs of counsel are mainly confined to a discus-
sion of the testimony.—REPORTER.]

CAMPBELL, J.  Plaintiff, who was working in defend-
ants' saw-mill at Chase, in Lake county, on July 6, 1887,
fell against a circular saw, which cut off his right hand.
He sued for the damage as caused by defendants' negli-
gence, and recovered damages to the amount of $3,500.
Defendants bring error.

It appears that the plaintiff was, when injured, at work
at one side of a long table or bench, at which were sev-
eral saws, arranged for different purposes, connected
chiefly with preparing lath.  Among them was the saw
in question, which was one of considerable size, rising
several inches above the table, and used at this particular
time for sawing lath-bolts into proper lengths.  This

seems to have been done by two men, one on each side of the table. One pushed the piece of wood against the saw, and the other, who was opposite, pulled it by the use of one hand on each side of the saw until cut in two, and the bolts as cut were put in proper places near by for further handling. On the side of the table where plaintiff stood were two or three boards, apparently lying on the floor together, side by side, thus raising their surface the thickness of each board, or an inch higher than the rest of the floor. These boards were something over a yard long, and were not nailed down. Plaintiff stood on them while at work. He had worked in the same place several weeks. These boards lay across a hole which was the mouth of a sloping trough or chute extending to the outside of the mill from the mill floor, and beginning partly under the saw-bench. This was built to run out of the mill, upon the ground outside, sawdust and other refuse. It had been more recently turned to account as a ready means of taking from the mill hardwood slabs cut up into short lengths for fuel purposes; and the wood, as it was sawed at the table, fell into this trough, which was not very deep at its entrance, through the hole in the floor, and slid through it to the opening in the outside of the mill. The boards in question were laid over the entrance hole when not so in use, and removed when desired to leave the hole open. Plaintiff claimed that these boards slid aside or apart while he was working at the saw, and moving back and forth in handling the lath-bolts, and that his foot slipped in, so that he was thrown forward against the saw.

That this hole was a dangerous opening, unless safely covered, is not, and could not be, disputed. It was where those at work at the saw had to move or stand, and where one stepping in suddenly would be in great danger of being brought against the saw. The only

ground on which error is brought presents in different forms, but under the same theory, the claim that plaintiff knew all about this local condition, and was himself responsible for not guarding against it. There was testimony for the defense which tended to show such knowledge of the surroundings as would have made it plaintiff's duty to look to his own safety, and made him reckless if he did not. The court below, however, refused all of the requests to charge which proposed to take the question from the jury, and these refusals are now relied on for reversal. But there was also very positive testimony that these boards, though not nailed down, had remained in place for a long time without moving, and had not been disturbed by the sweeping and scraping processes by which the floor was cleaned up daily or oftener. Plaintiff himself, although subjected to close questioning, adhered to the story that he had never heard of the hole or trough, and had never seen them used, or used them; and that no work had been done by him, or come under his notice, which led him to any suspicion or knowledge on the subject, or gave him any hint of danger. Some other witnesses fully corroborated him, and showed that the danger was hidden.

It would be of no use to compare all the testimony, and attempt to decide what, in our opinion, is indicated by the weight of evidence. The jury had contradictions to consider, and witnesses to scrutinize for themselves. The differences were serious. The circuit court heard all the testimony, and saw all the witnesses introduced. It did not strike the trial judge that there was any tribunal but the jury authorized to settle these difficulties, and he did not see any reason for disturbing the verdict on the facts. After a very clear argument on both sides, and an examination into the record, we are satisfied the controversy was a proper one for the jury to determine. The

charge was fair, and is not complained of except for not taking the decision from the jury on the question of plaintiff's personal fault or neglect. We think the case was a proper one to be passed on, and we have no right to inquire further on this record.

The judgment must be affirmed.

The other Justices concurred.